GOLDBERG v. SOSNOWSKI.

1. BROKERS—PRINCIPAL AND AGENT—AUTHORITY TO MAKE BINDING CONTRACT.

A writing given by the owner of real estate authorizing his agent to "accept a deposit to be applied on the purchase price and to bind the sale" of the property, was sufficient authority for the agent to make a binding agreement for the sale of the property.

2. APPEAL AND ERROR—DEFENSES NOT CONSIDERED WHERE NOT RAISED ON TRIAL.

In a suit for specific performance, the defenses of former adjudication and lack of tender, not having been raised at the hearing, may not be considered on appeal.

On power of real estate broker to make contract of sale, see annotation in 17 L. R. A. 210; 23 L. R. A. (N. S.) 982.

3. Same—Waiver—Stipulation—Estoppel.
> Where, in a suit for specific performance, counsel for both par-
> ties in open court agreed that the only question was whether
> the writing given by defendant to his agent was sufficient au-
> thority for the agent to make a binding agreement, other
> defenses were waived, and may not be raised on appeal.

Appeal from Wayne; Lamb (Fred S.), J., pre-
siding. Submitted June 5, 1928. (Docket No. 26,
Calendar No. 33,778.) Decided October 24, 1928.

Bill by Albert Goldberg and another against
Stephen Sosnowski, special administrator of the es-
tate of Waclaw Kuzontkowski, deceased, for specific
performance of a land contract. From a decree for
plaintiffs, defendant appeals. Affirmed.

*Joslyn, Joslyn & Joslyn,* for plaintiffs.

*Murrl E. Dikeman,* for defendant.

Clark, J. Waclaw Kuzontkowski gave to his
agent Sam Levinson the following writing:

"May 7, 1919.

"Sam Levinson,
"1954 Joseph Campau avenue,
"Hamtramck, Michigan.

"In consideration of valuable services performed
and to be performed by you, the undersigned hereby
give you, for a term of thirty days, the exclusive
sale of property on the reverse side of these pres-
ents, and you are authorized to accept a deposit to
be applied on the purchase price and to bind the
sale of the said property on the terms described on
the reverse side of these presents or on any other
terms if submitted to and accepted by you. In case
you find the buyer willing and ready to consummate
the deal, on the terms above specified, or in case of

the sale of said property during the life of this contract, I will pay you, as commission, three per cent. of all over the sum of ........ dollars, received therefor. The commission and excess over agreed price is to be retained by you out of the first money paid on the property.

(Signed) "Owner, WACLAW KUZONTKOWSKI,
single man."

On May 28, 1919, the plaintiffs entered into an agreement in writing to purchase the property on terms indicated on the reverse side of the above quoted paper. The agreement was signed by plaintiffs and by Levinson for and on behalf of his principal, the owner. On or near June 9, 1919, plaintiffs filed bill for specific performance of the agreement, alleging, among other things, that Kuzontkowski had refused to perform. After answer, motion by plaintiffs to advance, and motion by defendant to defer hearing until after the determination of a suit at law between him and Levinson, the bill was dismissed, either by unqualified order entered in 1921 or by an order "without prejudice" in 1923.

The present and new bill was filed in February, 1923. At the hearing it was agreed by counsel for the respective parties in open court that the only question was whether the writing above quoted was "sufficient authority for the defendant's agent to make a binding agreement for the sale of the defendant's real estate." The court decided that it was, and in this he was right. The writing shows clearly an intention of defendant, the owner, that his agent was not merely to find a purchaser, but that he was actually to effect a binding contract of sale. See 17 L. R. A. (N. S.) 210, note.

The court entered a decree or order reciting that plaintiffs were entitled to specific performance and

containing an order of reference to a circuit court commissioner to take an account of the amount due on the contract and to report. The commissioner took the account, reported, and final decree followed.

Defendant contends that the first decree was merely interlocutory, and that he, having taken his appeal from the final decree, is not precluded from raising the question that specific performance ought not to have been granted. If that be conceded it makes no difference. He seeks to present here as against the granting of specific performance, two defenses, former adjudication and lack of tender. These questions were not raised at the hearing, are first presented here, and therefore will not be considered. Moreover, defendant waived such matter by his agreement in open court respecting issue, as above stated.

Decree affirmed, with costs to plaintiffs.

Fead, C. J., and North, Fellows, Wiest, Mc-Donald, Potter, and Sharpe, JJ., concurred.